**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION**

| | | |
|---|---|---|
| **CHARLES DUSTIN MYERS,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| v. | § | Civil Action No. 4:26-cv-0192-P |
| | § | |
| **JAMES B. MUNFORD, ET AL.,** | § | |
| | § | |
| **Defendants.** | § | |

**ORDER GRANTING PLAINTIFF'S AMENDED MOTION TO PROCEED IN FORMA PAUPERIS**

On February 20, 2026, *pro se* Plaintiff, Charles Dustin Myers, filed a civil complaint and application to proceed *in forma pauperis* (IFP), which were referred to the undersigned for judicial screening. In response to the Court's February 25 order and notice of deficiency, Plaintiff filed an amended IFP application. After reviewing the pleadings and applicable law, the Court **ORDERS** the following:

1. Plaintiff's amended IFP application is **GRANTED**. ECF No. 7. Plaintiff may proceed in this action without prepayment of costs at this time. However, the Court **CAUTIONS** Plaintiff that it may revoke his IFP status at any time if it determines that he has the financial resources to pay the $405 filing and administrative fees for this action or that he made false statements regarding her ability to do so in her pleadings. *See Bass v. Parkwood Hosp.*, 180 F.3d 234, 239 (5th Cir. 1999). Additionally, the Court may also impose appropriate sanctions against Plaintiff if it determines that he made any misrepresentations to the Court. *See* FED. R. CIV. P. 11(a)–(c).

2. This action is subject to preliminary screening under 28 U.S.C. § 1915(e)(2). As part of the screening process, the Court is authorized to dismiss a plaintiff's case before service of

1

process if it concludes that the plaintiff's allegation of poverty is untrue; the action is frivolous, malicious, or fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2); *see also Fleming v. United States*, 538 F. App'x 423, 425 (5th Cir. 2013) (citations omitted).

3. While the Court conducts its required screening under § 1915(e)(2), service of process will be withheld and the discovery process is stayed. If the Court ultimately determines that Plaintiff has pled sufficient facts to state a plausible claim for relief, it will issue an order instructing officers of the Court to issue and serve all process. *See id.* at § 1915(d). After Defendant is served, the parties may not seek discovery from any source before they have conferred as required by Rule 26(f), unless they agree to do so by stipulation or the Court issues an order authorizing them to do so. *See* FED. R. CIV. P. 26(d)(1), (f).

4. Plaintiff may not file any amendments or supplements to his complaint without obtaining permission from the Court to do so. A complete amended complaint must be attached to any motion to amend.

5. Plaintiff shall notify the Court of any change of address by filing a written notice with the clerk of Court. Failure to file such notice may result in this case being dismissed for want of prosecution. *See* FED. R. CIV. P. 41(b).

SIGNED February 27, 2026.

_____
JEFFREY L. CURETON
UNITED STATES MAGISTRATE JUDGE

2