| | | |
|---|---|---|
| **CHARLES DUSTIN MYERS** | § | |
| | § | |
| **V.** | § | **CIVIL NO. 4:26-CV-192-P** |
| | § | |
| **JAMES B. MUNFORD, ET AL.** | § | |

## ORDER DIRECTING PLAINTIFF TO FILE A FORM AMENDED COMPLAINT
### (With Special Instructions for the Clerk of Court)

This case is now before the Court for review of *pro se* Plaintiff's civil suit. In this case, Plaintiff is proceeding *in forma pauperis* ("IFP") and, as such, his pleadings are subject to preliminary screening pursuant to 28 U.S.C. § 1915(e)(2)(B). This provision provides for *sua sponte* dismissal of the complaint, or any portion thereof, if the Court finds it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief. Plaintiff filed his Complaint [doc. 1] on February 20, 2026. After reviewing the Complaint, the Court questions whether it has subject matter jurisdiction over Plaintiff's claims. Specifically, the Court notes that Plaintiff's claims appear to stem from state-court proceedings related to the enforcement of amounts Plaintiff allegedly owes in overdue child support payments. While Plaintiff claims that he "recognizes that federal courts generally lack authority to enter divorce decrees, modify child-custody orders, or function as appellate courts for state judgments, and that federal courts do not sit to decide the merits of domestic-relations disputes,"[1] the Court notes that a plaintiff cannot attack state court judgments under the guise of a civil rights complaint. *See*, *e.g.*, *Blessett v. Texas*, No. 3:22-cv-9, 2022 WL 2182614, at *1-5 (S.D. Tex. May 17, 2022). In addition, several of the Defendants

---

[1] (*See* Plaintiff's Complaint at 9.)

1

appear to be entitled to various types of immunity that would, ultimately, shield them from suit. *See, e.g., id.*

Before dismissing an IFP claim under the preliminary screening, the Fifth Circuit has directed that district courts are to give "'notice of the perceived inadequacy of the complaint and an opportunity for the plaintiff to respond'" by providing a chance to amend the complaint. *See Woodruff v. Walls*, 680 F. App'x 358-59 (5th Cir. 2017) (quoting *Brown v. Taylor*, 839 F.3d 365, 370 (5th Cir. 2016)). In addition, the Court recognizes that a *pro se* plaintiff's pleadings are held "to less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

Federal Rule of Civil Procedure ("Rule") 8(a)(2) directs that a "pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A plaintiff, however, must plead specific facts, not mere conclusory allegations, to avoid dismissal. *See Schultea v. Wood*, 47 F.3d 1427, 1431 (5th Cir. 1995) (en banc); *see also Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378 (5th Cir. 2002) ("[C]onclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss") (internal quotations omitted)). Rule 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me-accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Based on the foregoing, the Court will allow Plaintiff to file an amended complaint that complies with the Rules and corrects the deficiencies noted above. Plaintiff is advised that once the form amended complaint with any attachment pages is filed, the Court will look **only** to that

document and any attachment pages in reviewing his claims.[2] Service of process on any potential Defendant will be withheld pending review of the amended complaint and any attachments thereto.

Based on the foregoing, it is **ORDERED** that Plaintiff, **no later than April 7, 2026**, shall file a fully completed amended complaint form with any attachment pages in accordance with the terms of this Order. **Failure to timely file an amended complaint could result in the dismissal of this case without prejudice for lack of prosecution without further notice.[3]**

It is further **ORDERED** that the Clerk of Court shall send to Plaintiff the Court's complaint form (with this cause number and the words "Amended Complaint" written thereon).

SIGNED March 24, 2026.

_____
JEFFREY L. CURETON
UNITED STATES MAGISTRATE JUDGE

---

[2] *See generally Clark v. Tarrant Cty., Tex.*, 798 F.2d 736, 740 (5th Cir. 1986) (finding that an amended complaint entirely supersedes and takes the place of an original pleading, rendering the original complaint of no legal effect); *Boelens v. Redman Homes, Inc.*, 759 F.2d 504, 508 (5th Cir. 1985).

[3] *See* Fed R. Civ. P. 41(b); *see Hickerson v. Christian*, 283 F. App'x. 251, 253 (5th Cir. 2008) ("A district court may sua sponte dismiss an action for failure to prosecute under Rule 41(b)"); *see also Link v. Wabash R. Co.*, 370 U.S. 626, 633 (1962) ("[A] District Court may dismiss a complaint for failure to prosecute even without affording notice of its intention to do so or providing an adversary hearing before acting").