IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| CHARLES DUSTIN MYERS, | § | |
|     Plaintiff, | § | |
| | § | |
| | § | |
| V. | § | CIVIL ACTION NO. 4:26-CV-192-P |
| | § | |
| JAMES B. MUNFORD, ET AL. | § | |
|     Defendants. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE REGARDING DISMISSAL OF PLAINTIFF'S SECOND AMENDED COMPLAINT**

On April 27, 2026, *pro se* Plaintiff Charles Dustin Myers ("Myers") filed a fifty-two page Second Amended Complaint [doc. 13] against the following Defendants: (1) James B. Munford ("Judge Munford"), Judge of the 322nd District Court (in his official capacity); (2) Ruth Anne Thornton ("Thornton"), Director of Child Support/IV-D Director (in her official capacity); (3) Thomas A. Wilder ("Wilder"), Tarrant County District Clerk (in his official capacity); (4) Morgan Michelle Myers ("Morgan Myers"), Plaintiff's ex-wife (in her individual capacity); and (5) Cooper L. Carter, Morgan Myers' attorney (in his individual capacity). (Plaintiff's Second Amended Complaint ("Pl.'s Sec. Am. Compl.") at 2-3,[1] 12.) Plaintiff alleges the following claims: (1) "Procedural Due Process/Ex Parte Young Prospective Relief Against Thornton" (seeking no damages) ("Count I");[2] (2) "Final-Trial No-Motion Enforcement and Monetary-Adjudication Due Process Against Thornton" (seeking no damages from Defendants sued in their official capacity) ("Count II"); (3) "District Court Notice, Recipient, EFM/ReSearch TX, and Case-Record

---

[1] The page numbers refer to the electronic case filing page number at the top of the Second Amended Complaint.

[2] Plaintiff states that he "seeks only to prevent additional enforcement reliance on specifically disputed and unauthenticated predicates unless the relevant records are preserved, identified, authenticated, and Plaintiff is afforded a meaningful opportunity to contest them." (Pl.'s Sec. Am. Compl. at 42.)

Preservation Against Wilder" (seeking no damages from Wilder) ("Count III");[3] (4) "Narrow Declaratory Relief against Munford in Official Capacity Only" (seeking no damages from Judge Munford) ("Count IV"); (5) "Administrative-Process Equal Protection/Class-of-One Declaratory Judgment Against Munford" (seeking declaratory relief only and no damages) ("Count V"); (6) "§ 1983 Damages Against Carter on Close-Nexus/Joint-Action Theory" (seeking compensatory, nominal, and punitive damages against Carter) ("Count VI"); (7) "§ 1983 Damages Against Myers on Close-Nexus/Joint-Action Theory (seeking compensatory, nominal, and punitive damages against Myers) ("Count VII"); (8) "Procedural Due Process Damages Against Carter and Myers for False-Consent Predicate Injury" (seeking "damages from Carter and Myers only if close nexus, joint action, causation, and injury are proven") ("Count VIII"); (9) "Procedural Due Process Damages Against Carter and Myers for Private-to-State Enforcement Bridge" (seeking "damages from Carter and Myers only if close nexus, joint action, causation, and injury are proven") ("Count IX"); (10) "Supplemental State-Law Abuse of Process Against Carter and Myers" (seeking "damages if Texas abuse-of-process elements are proven") ("Count X"); and (11) "Supplemental State-Law Intentional Infliction of Emotional Distress Against Carter and Myers" (seeking damages to the extent Texas law permits) ("Count XI").  (Pl.'s Sec. Am. Compl. at 41-49.)

In his Second Amended Complaint, Plaintiff "seeks prospective declaratory/injunctive relief requiring preservation, identification, authentication, and a meaningful opportunity to contest disputed Title VI-D, filing, notice, service, and enforcement predicate records before additional enforcement reliance." (*Id*. at 5.)  Plaintiff "alleges a state-backed process sequence beginning January 16, 2024, including removal from the residence before adequate process, a

---

[3] Plaintiff states that he "seeks prospective relief requiring preservation, production, and authentication of clerk notice, recipient-contract, attorney-recipient, service-contract, attorney-removal, manual-notice, suppression/bounce, transaction, ledger, file-stamp, and account-related records used as process or enforcement predicates."  (Pl.'s Sec. Am. Compl. at 44.)

March 6 lockout and police-facing use of court papers, a March 14 false-consent temporary-order path, a May 2024 IWO effort, a June 28, 2024 Title IV-D/OAG intervention, and continuing reliance on disputed enforcement and notice records." (*Id*. (mistakes in original).)  Plaintiff states that he is not asking "this Court to modify, vacate, reverse, recalculate, or act as an appellate tribunal over the Texas divorce decree." (*Id*.)  Plaintiff asserts that he "seeks damages only from . . . Carter and . . . Myers, including compensatory damages in amounts to be proven, nominal damages for proven constitutional injury, punitive damages if proven, costs, and supplemental state-law damages" and that he "seeks no damages from Munford, Thornton, Wilder, any state agency, or any county office." (*Id*. at 6.)

In an order dated February 27, 2026, Plaintiff was granted leave to proceed *in forma pauperis* ("IFP") [doc. 8].  Section 1915 of Title 28 of the United States Code sets forth provisions for claimants proceeding IFP.  Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court shall, *sua sponte*, dismiss a case proceeding IFP if the court determines that it is frivolous or fails to state a claim on which relief may be granted.  28 U.S.C. § 1915(e)(2)(B).  A complaint is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  A complaint fails to state a claim upon which relief can be granted when, assuming that all the allegations in the complaint are true even if doubtful in fact, such allegations fail to raise a right to relief above the speculative level. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal quotation marks and citations omitted).

In screening Plaintiff's Second Amended Complaint, the Court begins by noting that this is not Plaintiff's first attempt to construct various constitutional and federal challenges to issues stemming from his divorce and child custody proceedings in state court. *See* Case No. 4:24-cv-1185-O (Plaintiff unsuccessfully attempted to remove his state-court divorce and child custody

3

case to federal court). As to his most recent attempt to bring similar issues into federal court, Plaintiff fares no better as his Second Amended Complaint suffers from a multitude of issues that require dismissal.

To begin with, "[f]ederal courts are courts of limited jurisdiction." *Peoples Nat'l Bank v. Off. of the Comptroller of the Currency of the U.S.*, 362 F.3d 333, 336 (5th Cir. 2004). "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3). "Federal courts have an affirmative duty to examine sua sponte the basis for subject matter jurisdiction." *Contreras v. Wilson*, No. 4:22-CV-4015, 2023 WL 1998036, at *2 (S.D. Tex. Jan. 17, 2023), *rep. and rec. adopted*, 2023 WL 1994401 (S.D. Tex. Feb. 14, 2023) (citing *Union Planters Bank Nat. Ass'n v. Salih*, 369 F.3d 457, 460 (5th Cir. 2004)).

While Plaintiff goes to extreme lengths to use artful pleading and legal gamesmanship to avoid dismissal of his pleading, Plaintiff cannot conceal the reality that he is, in fact, attempting to challenge decisions made by the state court and the state-governed procedures that govern his divorce, child custody, and related child support proceedings. As a result, depending on the status of the state-court proceedings at the time Plaintiff filed his suit (which is not clear from Plaintiff's Second Amended Complaint), one of two doctrines would apply to bar Plaintiff's suit.

Pursuant to the *Rooker-Feldman* doctrine, a federal court does not have federal jurisdiction over "family disputes in state court, including divorce and child custody matters" where "a plaintiff seeks relief that directly attacks the validity of an existing state court judgment." *Camacho v. Torres*, No. 1:21-cv-146, 2023 WL 4602772, at *8 (S.D. Tex. June 6, 2023) (internal quotation marks and citations omitted). "A plaintiff cannot circumvent this jurisdictional limitation by asserting claims not raised in the state court proceedings or claims framed as original claims for relief, if these claims are inextricably intertwined with a state judgment." *Aikins v. Pitre*, No. 3:18-

4

cv-2341-B-BN, 2018 WL 5634214, at *3 (N.D. Tex. Sept. 21, 2018), *rep. and rec. adopted*, 2018 WL 5621490 (N.D. Tex. Oct. 30, 2018) (internal quotation marks and citations omitted) (collecting cases) ("Courts in this circuit have consistently applied the *Rooker-Feldman* doctrine as a bar to federal jurisdiction over matters related to the family disputes of divorce and child support). While Plaintiff tries, through legal gymnastics and maneuvering, to prevent his claims from falling under the *Rooker-Feldman* doctrine, the pleadings clearly show that his claims are driven by his disagreement with the state courts' rulings in the underlying divorce, child custody, and child support proceedings. In a nutshell, Plaintiff complains that all the actions taken in the state court that eventually led to a IV-D child support enforcement case under the Child Support Division of the Office of the Attorney General resulted in reliance on invalid or unauthenticated records. (*See*, *e.g.*, Plaintiff's Sec. Am. Compl. at 8-14.) Consequently, the Court **FINDS and CONCLUDES** that, to the extent Plaintiff's requested relief directly attacks the validity of an existing state court judgment, this Court lacks jurisdiction to hear Plaintiff's claims under the *Rooker-Feldman* doctrine.

Moreover, to the extent that Plaintiff is seeking injunctive and declaratory relief[4] as to an *ongoing* state judicial proceeding,[5] the Court would also be required to abstain from exercising jurisdiction under the *Younger* abstention doctrine.[6] Abstention under the *Younger* doctrine is

---

[4] The *Younger* abstention doctrine "is not applicable to claims for [monetary] damages." *Abbruzzese v. Stephen F. Austin State Univ.*, No. 9:25-CV-00018-MJT-CLS, 2025 WL 1092353, at 8 (E.D. Tex. Mar. 11, 2025.) As noted above, Plaintiff is only seeking prospective, declaratory relief (and not monetary damages) from Judge Munford, Wilder, and Thornton. (*See*, *e.g.*, Pl.'s Sec. Am. Comp. at 14.)

[5] "To determine if a dispute is an ongoing state judicial proceeding, the point of reference is the date suit was filed." *Thomas v. State*, 294 F. Supp.3d 576, 594 (N.D. Tex. 2018) (internal quotation marks and citations omitted). A pending state proceeding includes where "the state appellate procedure has not been exhausted." *Morse v. Fed. Nat'l Mortg. Ass'n*, No. 4:18-cv-39-ALM-CAN, 2019 WL 1177989, at *5-7 (E.D. Tex. Feb. 12, 2019), *rep. and rec. adopted*, 2019 WL 1168530 (E.D. Tex. Mar. 13, 2019).

[6] Federal courts have a duty to abstain under *Younger* and may raise the issue *sua sponte*. *See Lawrence v. McCarthy*, 344 F.3d 467, 470 (5th Cir. 2003); *Murphy v. Uncle Ben's, Inc.*, 168 F.3d 734, 737 n.1 (5th Cir. 1999).

required when, as relevant here, the case is comprised of civil proceedings involving orders that are uniquely in furtherance of the state court's ability to perform its judicial functions and "(1) the federal proceedings would interfere with an ongoing state judicial proceeding; (2) the state has an important interest in regulating the subject matter of the claim; and (3) the plaintiff has an adequate opportunity in the state proceedings to raise constitutional challenges."  *Camacho*, 2023 WL 4602772, at \*9; *see Younger v. Harris*, 401 U.S. 37 (1971); *Bowling v. Roach*, 816 F. App'x 901, 904 (5th Cir. 2020); *Morse*, 2019 WL 1177989, at \*5-7.  While Plaintiff also tries to prevent his claims from falling under the *Younger* abstention doctrine, the pleadings, as set forth above, clearly show that his claims are driven by his disagreement with the state courts' rulings in the underlying divorce, child custody, and child support proceedings.  Thus, the Court **FINDS and CONCLUDES** that, to the extent there are ongoing state-court judicial proceedings, this Court lacks jurisdiction to hear Plaintiff's claims under the *Younger* abstention doctrine.

In addition, as to Defendants Morgan Myers and Carter, Plaintiff appears to be attempting to hold them liable for monetary damages under 42 U.S.C. § 1983 on the theory that they, while not being state actors, were willful participants in a joint action with the State or its agents.  *See Howard v. Dixie Dunavant Ins. Ag.*, 227 F. App'x 363, 365 (5th Cir. 2007) ("The plaintiff can seek liability under § 1983 against a defendant who is not a state actor by showing that the defendant is a willful participant in joint action with the State or its agents.") (internal quotation marks and citations omitted). "To sustain a claim that a private citizen is liable under § 1983 on the basis of joint action with the State or state officials, the plaintiff must allege facts showing an agreement or meeting of the minds between the state actor and the private actor to engage in a conspiracy to deprive the plaintiff of a constitutional rights, and that they private actor was a

willing participant in joint activity with the state or its agents." *Polacek v. Kemper Cnty., Miss.*, 739 F. Supp. 2d 948, 952 (S.D. Miss. June 28, 2010).

While Plaintiff alleges broad, conclusory statements that Morgan Myers and Carters' conduct with state actors during the state-court and/or child support proceedings caused injuries to Plaintiff,[7] Plaintiff wholly fails to plead non-conclusory allegations regarding the time, date, and circumstances of how such conduct transformed them into, in essence, conspirators with the state actors. *See, e.g., Polacek*, 739 F. Supp. 2d at 952 ("[I]t is not enough merely to recite that there was an agreement or that [state and private Defendants] conspired or acted in concert, for these are *conclusions*, not *facts*."); *Tripathi v. St. Edward's Univ.*, No. 1:25-CV-01203-RP, 2025 WL 2629968, at *3 (W.D. Tex. Aug. 27, 2025) (finding that Plaintiff's conclusory allegations against, *inter alia*, a private university and two law firms that they engaged with state actors to violate Plaintiff's Fourteenth Amendment rights, without specific facts, were "insufficient to render these defendants state actors for the purposes of section 1983"); *Priester v. Lowndes Cnty.*, 354 F.3d 414, 420 (5th Cir. 2004) (affirming dismissal of Section 1983 claim against private actor when Plaintiff failed to "allege specific facts to show an agreement"). Thus, to the extent the Court has subject-matter jurisdiction to hear the claims against Defendants Morgan Myers and Carter, the Court **FINDS and CONCLUDES** that Plaintiff has failed to state a claim under Section 1983 against them and all claims against them (Counts VI, VII, VIII, & IX) should be **DISMISSED WITH PREJUDICE**.

Finally, to the extent that the Court has subject-matter jurisdiction to hear any of Plaintiff's state-law claims, the Court notes that the "'general rule is that a court should decline to exercise jurisdiction over remaining state-law claims when all federal law claims are eliminated before trial,

---

[7] (*See, e.g.*, Pl.'s Sec. Am. Compl. at 19-23, 33-35, 45-48.)

but this rule is neither mandatory nor absolute.'" *The Lamar Co., L.L.C. v. Miss. Transp. Comm'n*, 976 F.3d 524, 528 (5th Cir. 2020) (quoting *Brookshire Bros. Holding, Inc. v. Dayco Prods., Inc.*, 554 F.3d 595, 602 (5th Cir. 2009)).  "District courts enjoy wide discretion in determining whether to retain supplemental jurisdiction over a state claim once all federal claims are dismissed." *Heggemeier v. Caldwell Cnty., Tex.*, 826 F.3d 861, 872 (5th Cir. 2016) (internal quotation marks and citations omitted).  Courts should consider the factors set forth in 18 U.S.C. § 1367 and "the common law factors of judicial economy, convenience, fairness, and comity." *Brookshire Bros. Holding, Inc.*, 554 F.3d at 601-02.

After reviewing all the factors, the Court **FINDS and CONCLUDES** that it should decline to exercise supplemental jurisdiction over any remaining state-law claims, as is the general rule. *See* 28 U.S.C. §§ 1367(c)(2), (3).  The Court notes that judicial economy and convenience favor declining supplemental jurisdiction because the lawsuit is still in its relatively early stages, no trial has been set, and comity weighs in favor of declining supplemental jurisdiction.  *See Wells v. Lottery.com, Inc.*, No. 1:23-CV-1081-RP, 2024 WL 5036624, at *5 (W.D. Tex. Nov. 15, 2024) ("Federal court often are not as well equipped for determinations of state law as are state courts[.]") (internal quotation marks and citations omitted).

Because he is appearing *pro se*, Plaintiff's pleadings are entitled to more lenient scrutiny than pleadings drafted by lawyers.  *See Estelle v. Gamble*, 429 U.S. 97, 106 (1976).  In this case, however, Myers has already been allowed to file two amended complaints [docs. 10, 13].  *See* Order Directing Plaintiff to File a Form Amended Complaint [doc. 9], Electronic Order Granting Plaintiff's Motion for Leave to File Second Amended Complaint [doc. 12].  Thus, it is clear that Plaintiff has pled his best case, and no amount of liberal construction could manufacture a viable legal claim.  *See Miller v. Sam Houston State Univ.*, 986 F.3d 880, 888-89 (5th Cir. 2021).

8

Accordingly, the Court **RECOMMENDS** that this case be **DISMISSED** for the reasons set forth above.

### NOTICE OF RIGHT TO OBJECT TO PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

Under 28 U.S.C. § 636(b)(1), each party to this action has the right to serve and file specific written objections in the United States District Court to the United States Magistrate Judge's proposed findings, conclusions, and recommendation within fourteen (14) days after the party has been served with a copy of this document. The United States District Judge need only make a de novo determination of those portions of the United States Magistrate Judge's proposed findings, conclusions, and recommendations to which specific objection is timely made. *See* 28 U.S.C. § 636(b)(1). Failure to file by the date stated above a specific written objection to a proposed factual finding or legal conclusion will bar a party, except upon grounds of plain error or manifest injustice, from attacking on appeal any such proposed factual findings and legal conclusions accepted by the United States District Judge. *See Douglass v. United Services Auto Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc), modified by statute on other grounds, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).

### ORDER

Under 28 U.S.C. § 636, it is hereby **ORDERED** that each party is granted until **June 18, 2026**, to serve and file written objections to the United States Magistrate Judge's proposed findings, conclusions and recommendation. It is further **ORDERED** that if objections are filed and the opposing party chooses to file a response, the response shall be filed within seven (7) days of the filing date of the objections.

It is further **ORDERED** that the above-styled and numbered action, previously referred to the United States Magistrate Judge for findings, conclusions and recommendation, be and hereby is returned to the docket of the United States District Judge.

SIGNED June 4, 2026.

_____
JEFFREY L. CURETON
UNITED STATES MAGISTRATE JUDGE