IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

CHARLES DUSTIN MYERS,

Plaintiff,

v.                                          Civil Action No. 4:26-CV-00192-P-BJ

JAMES B. MUNFORD, ET AL.,

Defendants.

**PLAINTIFF'S OBJECTIONS TO THE FINDINGS, CONCLUSIONS, AND
RECOMMENDATION REGARDING DISMISSAL OF THE SECOND AMENDED
COMPLAINT**

Plaintiff Charles Dustin Myers files these specific written objections to the Findings, Conclusions, and Recommendation entered June 4, 2026 (Doc. 14). These objections are filed under 28 U.S.C. Section 636(b)(1), Federal Rule of Civil Procedure 72(b)(2), and Northern District of Texas Local Civil Rule 72.2. Plaintiff files a supporting brief and proposed order with these objections.

The Court should conduct de novo review, sustain these objections, and reject the recommendation of whole-case dismissal. Doc. 14 supplies no lawful basis for blanket pre-service dismissal of every defendant. At screening, the Second Amended Complaint must be evaluated defendant by defendant, count by count, and remedy by remedy. For every claim that survives screening, court-directed service follows for that defendant and claim under Federal Rule of Civil Procedure 4(c)(3) and 28 U.S.C. Section 1915(d). Any defendant, count, or remedy found barred or insufficient should be identified and addressed only as to that defendant, count, or remedy.

**Summary of the Objections**

1

Doc. 14's central error is that it recommends dismissal of the entire action through conditional Rooker-Feldman and Younger language while acknowledging that the state-proceeding posture is not clear from the Second Amended Complaint. The complaint does not ask this Court to act as a divorce court or appellate court. It pleads prospective process, preservation, authentication, and future-reliance relief; seeks no damages from public defendants; and pleads private-party damages counts that require separate state-action analysis.

The pleading also gives dates, actors, records, and alleged record-use events: the January 16, 2024 removal event; the March 6, 2024 lockout and police-facing use of court papers; the March 14, 2024 alleged no-consent temporary-order record; the May 2024 income-withholding effort, including May 9; the June 28, 2024 OAG/Title IV-D intervention; the Office Filer 914/Holly Hayes authority allegations; and the NOT SENT, manual-notice, and ReSearchTX notice-record allegations. Plaintiff does not ask the Court to treat those allegations as proven at screening. The objection is narrower: they are too specific to disregard as bare labels and too defendant-specific to support blanket dismissal.

Doc. 13 also pleads why the state process was not adequate for Younger purposes at screening. It alleges repeated objections, emergency motions, discovery, mandamus and original-proceeding efforts, Rule 12 challenges, OAG challenges, and public-information requests, yet no meaningful authentication or contest process before continued reliance on disputed predicate records. Doc. 13, paragraphs 270-272, 313-322, 383-386. At screening, those allegations are taken as true. They defeat any blanket assumption that an unidentified state process supplied an adequate opportunity to raise and resolve the federal record-authentication and future-reliance claims before service.

## Specific Objections

1. Plaintiff objects to the FCR's threshold conclusion that the entire case can be dismissed through a conditional either/or application of Rooker-Feldman or Younger. The FCR states

that the status of the state-court proceedings when this federal suit was filed is not clear from the Second Amended Complaint. Doc. 14 at 4, PageID 241. It then recommends dismissal of the entire action under doctrines that apply only if specific predicates exist. A possible defect as to one defendant, count, or remedy cannot dismiss every defendant when Doc. 13 pleads different conduct, different capacities, and different relief.

2. Plaintiff objects that Doc. 14 does not address the service consequence of the screening recommendation. Plaintiff proceeds in forma pauperis. Rule 4(c)(3) and Section 1915(d) require court officers to issue and serve process for claims that survive screening. A blanket no-service result therefore requires a blanket screening defect. Doc. 14 identifies none. Plaintiff seeks no damages against Munford, Thornton, Wilder, any state agency, or any county office; any public-official immunity issue must be tied to a particular official-capacity count and remedy, and any private-party state-action issue must be tied to the private-party damages counts.

3. Plaintiff objects to the Rooker-Feldman recommendation. The FCR itself recites that the Second Amended Complaint says Plaintiff is not asking this Court to modify, vacate, reverse, recalculate, or act as an appellate tribunal over the Texas divorce decree. Doc. 14 at 3, PageID 240. The operative complaint instead pleads federal process, record-authentication, preservation, and limited prospective-relief claims. The FCR's phrase 'to the extent' there is a direct attack on a state judgment supports, at most, severance or dismissal of the specific direct-attack request. It does not support dismissal of all counts.

4. Plaintiff objects to the Younger recommendation. Younger abstention is not a general family-case abstention rule. The FCR did not identify the specific pending proceeding, the Younger category it fits, the specific federal relief that would interfere with it, or why each federal count falls inside Younger. Nor did it identify any proceeding that supplies an adequate opportunity to raise and resolve the precise preservation, authentication, notice, Title IV-D, clerk-record, and future-reliance process claims pleaded in Doc. 13. At screening, the Court

must accept as true the pleaded allegations that Plaintiff repeatedly sought process yet lacked a meaningful opportunity to contest disputed predicate records before further reliance. Doc. 13, paragraphs 270-272, 313-322, 383-386. That allegation defeats blanket Younger dismissal unless the Court identifies the specific proceeding, count, remedy, and adequate opportunity.

5. Plaintiff further objects that Younger cannot support outright dismissal of damages claims. Counts VI through IX seek damages only from Carter and Morgan Myers. If an identified ongoing state proceeding requires abstention as to any damages claim, the proper abstention remedy is a stay unless the Court identifies an independent count-specific basis for dismissal, such as failure to plead state action. Doc. 14's own footnote recognizing the damages limitation defeats using Younger as a whole-case dismissal ground.

6. Plaintiff objects to any implied domestic-relations dismissal theory. The Second Amended Complaint does not ask this Court to issue a divorce, alimony, child-custody, child-support, arrears, or property-division decree. It asks for federal process concerning notice, authentication, preservation, and future use of disputed enforcement predicate records. That request may be granted, denied, narrowed, severed, or stayed count by count, but it is not a request for a domestic-relations decree.

7. Plaintiff objects to dismissal of the official-capacity prospective claims against Thornton and Wilder by jurisdictional shorthand. Against Thornton, the pleaded prospective injury is future Title IV-D reliance on disputed OAG support, arrears, payment, intervention, authority, Office Filer 914/Holly Hayes, federal reporting, cost-allocation, reimbursement, audit-trail, and enforcement predicate records without a meaningful identification and contest procedure. Against Wilder, the pleaded prospective injury concerns clerk-controlled notice, recipient, service-contact, ledger, manual-notice, file-stamp, EFM/ReSearchTX, and case-access records. The requested relief is not that Thornton or Wilder change the decree; it is preservation, identification, authentication, and meaningful process before additional reliance.

4

8. Plaintiff separately objects to withholding service from Judge Munford without Count IV- and Count V-specific findings. Munford is not sued for damages. The only claims pleaded against him are official-capacity declaratory Counts IV and V, and Doc. 13 requested severance or dismissal of only the barred Munford count if either count cannot proceed. Any Article III, judicial-immunity, comity, Rooker-Feldman, Younger, or declaratory-relief limitation against a judicial officer is a Munford-count issue. It cannot supply a screening defect for Thornton, Wilder, Carter, or Morgan Myers.

9. Plaintiff objects to the state-action analysis for Carter and Morgan Myers. Plaintiff does not ask the Court to infer state action from ordinary private litigation, ordinary advocacy, passive benefit from a court order, or success in family court. The pleaded theory is narrower: Carter and Morgan Myers allegedly created, submitted, procured, used, or continued to invoke specific disputed predicate records after notice of the consent and authentication challenge, and those records were allegedly adopted or relied on through police-facing dispossession, income-withholding pressure, OAG/Title IV-D intervention, or later enforcement mechanisms before Plaintiff received meaningful process. If that theory is deficient, the remedy is targeted leave or targeted dismissal of the affected private-party damages count, not dismissal of every official-capacity and private-party count.

10. Plaintiff objects to the supplemental-jurisdiction and 'pled his best case' conclusions. The supplemental-jurisdiction conclusion depends on dismissing all federal claims, and the 'best case' conclusion should not convert possible defects in some counts into case-ending prejudice against all counts. Any defect should be handled only where it attaches.

### Prayer

Plaintiff respectfully asks the District Judge to sustain these objections; reject Doc. 14's recommendation of whole-case dismissal; conduct de novo defendant-by-defendant, count-by-count, and remedy-by-remedy screening; separately evaluate the Munford

declaratory counts, the Thornton and Wilder prospective record-process claims, and the Carter and Morgan Myers damages claims; direct court-issued service under Rule 4(c)(3) and Section 1915(d) on each defendant and claim that survives screening; sign the proposed order submitted with these objections or enter equivalent relief; and, alternatively, dismiss, sever, narrow, stay, or grant targeted leave only as to the specific count, defendant, or remedy found barred or insufficient.

Respectfully submitted,
*/s/ Charles Dustin Myers*
Charles Dustin Myers
1209 Blairwood Drive
Flower Mound, Texas 75028
Telephone: 469-770-0671
Facsimile: None
Email: chuckdustin12@gmail.com
Plaintiff Pro Se

## Certificate of Service

I certify that on the date this document is filed, I submitted this filing to the Clerk of Court. Because this case remains in screening and service has been withheld, no defendant has appeared or been served by Plaintiff. Plaintiff will comply with any service instruction ordered by the Court.

*/s/ Charles Dustin Myers*
Charles Dustin Myers

## Certificate of Compliance

This filing uses 12-point text, one-inch margins, and numbered letter-size pages. The supporting brief complies with Northern District of Texas Local Civil Rule 7.2.