IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

CHARLES DUSTIN MYERS,

Plaintiff,

v.                                                    Civil Action No. 4:26-CV-00192-P-BJ

JAMES B. MUNFORD, ET AL.,

Defendants.


**BRIEF IN SUPPORT OF PLAINTIFF'S OBJECTIONS TO THE FINDINGS, CONCLUSIONS, AND RECOMMENDATION REGARDING DISMISSAL OF THE SECOND AMENDED COMPLAINT**

**Use of Generative Artificial Intelligence**

Plaintiff conducted extensive manual record review and legal research, and manually compiled, mapped, and annotated the relevant state and federal record before using generative artificial intelligence tools. Plaintiff then used supervised Codex/ChatGPT and GPT-5 Pro-assisted workflows to organize those materials, compare Doc. 14 against the Second Amended Complaint, test the Younger, Rooker-Feldman, service, and defendant-specific screening arguments, check for overstatement, and revise wording. Plaintiff selected the facts, legal objections, record references, authorities, and requested relief; reviewed and revised the final language; checked the cited authorities and record references; and accepts responsibility for the final brief.


**Issue Presented**

Whether Doc. 14 may dismiss the entire Second Amended Complaint and withhold service from every named defendant through conditional Rooker-Feldman and Younger analysis when the complaint expressly disclaims any request to modify, vacate, reverse, recalculate, or appeal the Texas decree; pleads prospective process, preservation, and authentication relief; alleges

that state process did not provide a meaningful opportunity to contest disputed predicate records before additional reliance; seeks no damages from public defendants; seeks damages only from private defendants on separate state-action-dependent theories; and asks that any barred defendant, count, or remedy be severed or narrowed rather than used to dismiss the whole action.

### Summary

The FCR should not be adopted as a whole-case dismissal recommendation. Rooker-Feldman is narrow. Younger is exceptional and does not authorize outright dismissal of damages claims. The domestic-relations exception does not apply because Plaintiff does not ask for a divorce, alimony, custody, support, arrears, or property-division decree. Most importantly, Doc. 13 pleads actors, dates, records, instruments, requested prospective process relief, and lack of meaningful process before continuing reliance on disputed predicate records. Those pleaded facts require service or, at minimum, a defendant-specific screening ruling tied to a particular defendant, count, and remedy.

### Proof and Funding Boundaries

This brief treats Doc. 13's factual assertions as screening-stage allegations, not adjudicated facts. Terms such as alleged no-consent temporary-order record, predicate record, Office Filer 914, and private-to-state reliance are theory labels unless the Court later determines otherwise. Plaintiff does not ask the Court at screening to decide how EFM, ReSearchTX, OAG, Office Filer 914, or related systems actually operated.

Plaintiff does not introduce a separate pending state proceeding as a basis for relief. For Younger, Plaintiff relies on Doc. 13's pleaded allegations that state processes did not provide constitutionally adequate preservation, identification, authentication, or meaningful opportunity to contest disputed predicate records before additional reliance. Doc. 13, paragraphs 270-272, 313-322, 383-386. At screening, those allegations are taken as true. The

Court may not use an unidentified or inadequately described state process as a blanket no-service ground without identifying the specific proceeding, claim, remedy, and adequate opportunity.

The Title IV-D funding and incentive allegations are likewise limited. Plaintiff uses them for materiality, official connection, preservation, and screening sufficiency, not as a request for the Court to find a funding violation at screening. Plaintiff does not invoke 42 U.S.C. Sections 654a, 655, or 658a as standalone private-right-of-action statutes and does not ask the Court to infer that any defendant personally received Title IV-D incentive funds. The narrower point is that Title IV-D accounting, reporting, reimbursement, incentive, and audit systems make signer, filer, authority, account, cost-allocation, reimbursement, and reliability records material to the pleaded due-process injury and prospective relief.

## Standard of Review

The District Judge must determine de novo any part of a magistrate judge's recommended disposition that has been properly objected to, and may accept, reject, or modify the recommendation, receive further evidence, or return the matter with instructions. Fed. R. Civ. P. 72(b)(3); 28 U.S.C. Section 636(b)(1). Northern District of Texas Local Civil Rule 72.2 requires objections to be accompanied by a brief that complies with Local Civil Rule 7.2.

## Argument

### A. Conditional whole-case dismissal is not claim-specific screening.

The FCR says the status of state proceedings was not clear, but then uses conditional doctrine to recommend dismissal of every defendant. Doc. 14 at 4-6, PageID 241-43. That is not screening by defendant, count, and remedy. Section 1915(e)(2)(B) permits dismissal where the relevant claim is frivolous or malicious, fails to state a claim, or seeks monetary relief from an immune defendant. It does not permit an immunity concern for a public official to dismiss

private damages claims, or a state-action concern for private parties to dismiss prospective record-custodian claims.

The all-defendants result is especially unsupported because Doc. 13 pleads different roles. Munford is pleaded only in official-capacity declaratory Counts IV and V and is not sued for damages. Thornton is pleaded as the State/OAG Title IV-D official tied to future reliance on disputed OAG, Office Filer 914/Holly Hayes, authority, reporting, and enforcement predicate records. Wilder is pleaded as clerk record custodian for notice, recipient, service-contact, file-stamp, ReSearchTX, and case-access records. Carter and Morgan Myers are pleaded under private-party damages theories tied to alleged creation, use, procurement, and continued invocation of disputed predicate records followed by state-backed reliance. A defect in one category cannot dismiss the others.

Because Plaintiff proceeds in forma pauperis and service has been withheld, the screening ruling has an immediate service consequence. Once any claim survives screening, Rule 4(c)(3) and Section 1915(d) make court-directed service the next step for the surviving defendant and claim. A no-service recommendation as to every defendant therefore requires a service-blocking defect as to every defendant. Doc. 14 does not identify one.

### B. Rooker-Feldman does not bar independent record-process claims.

Rooker-Feldman is confined to state-court losers complaining of injuries caused by state-court judgments and inviting federal review and rejection of those judgments. Exxon Mobil Corp. v. Saudi Basic Industries Corp., 544 U.S. 280, 284, 293 (2005). Independent claims remain within federal jurisdiction. Skinner v. Switzer, 562 U.S. 521, 532-33 (2011); Truong v. Bank of America, N.A., 717 F.3d 377, 382-84 (5th Cir. 2013).

Plaintiff's pleading fits the independent-claim side. It seeks preservation, identification, authentication, and a meaningful opportunity to contest disputed records before additional reliance. It does not ask this Court to undo the divorce decree, change possession, recalculate

4

support, erase arrears, redivide property, or direct a state judge to rule in any particular way. The FCR's 'to the extent' statement supports, at most, severance or dismissal of the specific request that directly attacks a judgment. It does not support dismissal of independent process, record, and future-reliance claims.

### C. Younger requires a specific proceeding and cannot dismiss damages claims outright.

Younger is exceptional. It applies only to criminal prosecutions, certain quasi-criminal civil enforcement proceedings, and certain orders uniquely tied to state courts' ability to perform their judicial functions. Sprint Communications, Inc. v. Jacobs, 571 U.S. 69, 78 (2013). Parallel state proceedings are not enough. Google, Inc. v. Hood, 822 F.3d 212, 222-24 (5th Cir. 2016). Doc. 14 does not identify the specific pending proceeding, the category it fits, the relief that would interfere with it, the affected count and remedy, or the adequate opportunity Plaintiff supposedly had to raise the pleaded federal record-process claims.

Doc. 13's inadequacy allegations make that specificity requirement more important, not less. The operative complaint alleges repeated attempts to obtain meaningful process and alleges that no responsible official provided constitutionally adequate preservation, identification, authentication, or opportunity to contest disputed predicate records before continuing reliance. Doc. 13, paragraphs 270-272, 313-322, 383-386. At screening, those allegations are taken as true. They defeat any assumption that an unidentified state process automatically supplied an adequate opportunity to resolve the pleaded federal issues.

Younger also does not authorize outright dismissal of damages claims. If a damages claim cannot be adjudicated immediately without interfering with an identified ongoing state proceeding, the abstention remedy is a stay unless an independent count-specific ground supports dismissal. Deakins v. Monaghan, 484 U.S. 193, 202 (1988); Ballard v. Wilson, 856 F.2d 1568, 1569-70 (5th Cir. 1988); Lewis v. Beddingfield, 20 F.3d 123, 125 (5th Cir. 1994); Quackenbush v. Allstate Insurance Co., 517 U.S. 706, 719-21 (1996). Counts VI through IX

seek damages only from Carter and Morgan Myers; Younger cannot be used to dismiss them outright.

### D. The domestic-relations label does not defeat federal-question process claims.

The domestic-relations exception covers cases seeking divorce, alimony, or child-custody decrees. Ankenbrandt v. Richards, 504 U.S. 689, 703-04 (1992); Escalante v. Lidge, 34 F.4th 486, 493-94 (5th Cir. 2022). Plaintiff does not ask this Court to grant a divorce, decide custody, set support, erase arrears, or redivide property. The requested relief is record-focused process before additional reliance on disputed predicate records. That request can be granted, denied, narrowed, severed, or stayed without issuing a domestic-relations decree.

### E. Thornton, Wilder, Munford, Carter, and Morgan Myers require separate analysis.

The claims against Thornton and Wilder are prospective, official-capacity, record-focused claims seeking no damages. Under Ex parte Young, 209 U.S. 123 (1908), and Verizon Maryland Inc. v. Public Service Commission of Maryland, 535 U.S. 635, 645 (2002), the screening question is whether the complaint alleges an ongoing violation of federal law and seeks prospective relief. The complaint does so: Thornton is tied to future Title IV-D/OAG reliance on disputed authority and enforcement predicate records; Wilder is tied to clerk-controlled notice, recipient, file-stamp, ReSearchTX, and case-access records. Any overbroad subset of requested relief can be narrowed without dismissing all prospective official-capacity claims.

The Munford counts require their own ruling. Plaintiff seeks no damages from Judge Munford and does not ask this Court to supervise him, direct a ruling, reopen the case, or declare a past ruling void. Counts IV and V are official-capacity declaratory counts and Doc. 13 asked that any barred Munford count be severed without affecting other defendants. Any Article III, judicial-immunity, comity, Rooker-Feldman, Younger, or declaratory-relief problem is a Munford-count issue, not a service-blocking defect for Thornton, Wilder, Carter, or Morgan

Myers.

The Carter and Morgan Myers counts require a separate fair-attribution analysis. Ordinary private litigation is not state action, and Plaintiff does not claim otherwise. The pleaded theory is narrower: private creation, submission, procurement, use, or continued invocation of specific disputed predicate records, allegedly followed by state-backed dispossession, income withholding, Title IV-D intervention, or enforcement reliance before meaningful process. Under Lugar v. Edmondson Oil Co., 457 U.S. 922, 937 (1982), and Dennis v. Sparks, 449 U.S. 24, 27-28 (1980), that theory must be screened count by count. If deficient, the remedy is targeted leave or targeted dismissal of the affected private-party damages count, not dismissal of the whole case.

## Requested Disposition

Plaintiff respectfully asks the District Judge to sustain the objections, reject Doc. 14 as a whole-case dismissal recommendation, accept Doc. 13's well-pleaded inadequacy and lack-of-meaningful-process allegations as true at screening, and screen Doc. 13 defendant by defendant, count by count, and remedy by remedy. The Court should direct service under Rule 4(c)(3) and Section 1915(d) on each defendant and claim that survives screening; withhold service only through a separate defendant-, count-, and remedy-specific ruling; stay rather than dismiss damages claims if abstention applies; and dismiss, sever, narrow, or grant leave only as to the specific count, defendant, or remedy found barred or insufficient.

Respectfully submitted,
*/s/ Charles Dustin Myers*
Charles Dustin Myers
1209 Blairwood Drive
Flower Mound, Texas 75028
Telephone: 469-770-0671
Facsimile: None
Email: chuckdustin12@gmail.com
Plaintiff Pro Se

## Certificate of Service

7

I certify that on the date this document is filed, I submitted this filing to the Clerk of Court. Because this case remains in screening and service has been withheld, no defendant has appeared or been served by Plaintiff. Plaintiff will comply with any service instruction ordered by the Court.

*/s/ Charles Dustin Myers*
Charles Dustin Myers

**Certificate of Compliance**

This brief uses 12-point text, one-inch margins, and double-spaced body text except where Local Civil Rule 7.2(a) permits single spacing. The brief is within Northern District of Texas Local Civil Rule 7.2's 25-page limit.